IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| ROBERT. MILLER, #866293 | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 6:15cv711 |
| CHRIS DIVIN, ET. AL. | § | |

<u>MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION
AND ENTERING FINAL JUDGMENT</u>

Plaintiff Robert Miller, an inmate currently confined at the Hodge Unit within the Texas Department of Criminal Justice proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights while previously housed at the Michael Unit. He named several prison officials and medical staff as defendants. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Background**

Miller maintained that Defendants have acted with deliberate indifference to his serious medical needs while at the Michael Unit. Specifically, Miller claimed that the Defendants have "manipulated" other prison officials to stop giving him his H.I.V. medication for 31days, resulting in irreparable harm, mental anguish, and mental distress. He stated that prison officials are purposely "intervening" with his medical care, despite knowing his serious medical conditions. He also claimed that Defendant Divin, a prison sergeant who allegedly wants him dead, intentionally placed his life in danger by putting another inmate inside his cell—telling the inmate to kill Miller. Miller claimed that Defendant Thaler, as Executive Director of TDCJ, is liable for every officer's misconduct.

1

Moreover, Miller insisted that the cellmate brutally raped him using latex gloves, which triggered "voices in his head telling [him] to stab officers and give them AIDS." He also noted that gang members are sending him messages that he will be killed as soon as he is released from "solitary." Miller claimed that the Defendants are responsible for "31 counts of attempted premeditated murder and 31 counts of []reckless endangerment with malicious intent to commit premeditated murder." While Miller's complaint was difficult to decipher, construing his *pro se* complaint liberally, he raised claims regarding (1) deprivations in his mental health and medical treatment, (2) imminent danger, (3) supervisory liability, and (4) prison officials' failure to protect him. As for his requested relief, Miller sought immediate transfer to the Montford or Skyview Unit. He also asks to "never be transferred back to Estelle, Stiles, or Michael Units."

## II. *Martinez* Report

Pursuant to an order of the Court, the Office of the Attorney General of Texas filed a report, (Dkt. #16), addressing Miller's deliberate indifference claims in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (citing with approval in *Parker v. Carpenter*, 978 F.2d 190, 191-92 (5th Cir. 1992)). The report includes relevant medical records, medical compliance records, mental health records, affidavits from a doctor, extensive documentation of repeated Offender Protection Investigations (OPIs), classification records, and disciplinary records. The Attorney General's Office summarized the Martinez Report, in pertinent part, as follows:

> With regard to Plaintiff's life endangerment claims, undersigned counsel has attached Plaintiff's relevant classification records, which contain extensive documentation of repeated Offender Protection Investigations (OPIs) that TDCJ officials have undertaken on Plaintiff's behalf at the Michael Unit. These records show that Plaintiff is a serial complainant at the Michael Unit, but that none of his allegations have been substantiated. Even so, TDCJ officials have diligently performed investigations of each of Plaintiff's complaints of life endangerment pursuant to policy. Additionally, Plaintiff has pled no actual harm resulting from his cell assignment. Plaintiff has no claim for deliberate indifference to his safety.

2

> With regard to Plaintiff's claims for deprivation of mental health care, undersigned counsel directs the Court's attention to the affidavit of Dr. Steven Bowers, supported by Plaintiff's psychiatric records from his time at the Michael Unit. The exhibits demonstrate that Plaintiff has been provided mental health care throughout his time at the Michael Unit, despite persistent attempts to manipulate the system with lies and failures to take his medication. Plaintiff has no claim for deliberate indifference to his mental health needs.
>
> With regard to Plaintiff's claims for deprivation of HIV treatment, specifically the medication LamiVUDINE, undersigned counsel directs the Court's attention to the affidavit of Dr. Steven Bowers, supported by Plaintiff's medication compliance records. The exhibits demonstrate that Plaintiff has not been deprived of LamiVUDINE while at the Michael Unit at all. Plaintiff has no claim for deliberate indifference to his HIV treatment needs.
>
> With regard to Plaintiff's physical therapy claims, undersigned counsel again directs the Court's attention to the affidavit Dr. Steven Bowers. The exhibit shows that Plaintiff's time in physical therapy predates his move to the Michael Unit, and so no claim may he had against any defendant to this lawsuit. Furthermore, Plaintiff's physical therapy concluded over two years ago due to his voluntary non-compliance. Plaintiff has no claim for deliberate indifference to his physical therapy needs.

(Dkt. #16, pg. 5-6) (sealed). Dr. Bowers filed a 2016 affidavit characterizing Miller's claims and medical treatment while imprisoned with TDCJ, which confirms the Attorney General Office's summarization of the *Martinez* Report and Miller's claims.

After a review of the pleadings and the *Martinez* Report, the Magistrate Judge issued a Report, (Dkt. #21), recommending that Miller's civil rights lawsuit be dismissed with prejudice. Miller has filed an appeal of the Magistrate Judge's report, (Dkt. #23), which the Court construes as timely objections. The Office of the Attorney General filed an *amicus curiae* response to Miller's objections, (Dkt. #24).

**III. Miller's Objections**

Miller states that his life is in danger because of another sexual assault. He contends that he became engaged to Officer Hartless at the Hodge Unit, and that she subsequently "forced" him to perform oral sex on her from behind. Miller also insists that her cousin, who is also an officer

3

at Hodge Unit "told him that he's going to pay gang members with the drug K2 to stab him." Much like in his underlying complaint, Miller is again seeking a transfer to the Montford Unit.

As the Assistant Attorney General argues, Miller's objections are not properly before the District Court. An issue raised for the first time in an objection to a Magistrate Judge's Report is not properly before the District Court. *See Place v. Thomas*, 61 F.App'x 120, 2003 WL 342287, *1 (5th Cir. 2003); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Moreover, and importantly, a party objecting to a Magistrate Judge's Report must specifically identify those findings to which he or she objects. Frivolous, conclusory, or general objections need not be considered by the District Court. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (*en banc*), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

Here, Miller never once mentioned Officer Hartless, their alleged relationship, or how she purportedly "forced" him to perform oral sex on her within his underlying civil rights complaint. She is not a defendant in this case. He raises these issues for the first time here on objection. Consequently, that claim is not properly before the Court, and the Court will not address it. Moreover, Miller failed to specifically identify any finding within the Magistrate Judge's Report that he objects to. He has not satisfied the purpose of an objection to a Report, which is to identify certain aspects of the Report to which a party disagrees so that the District Judge can "make a *de novo* determination of those portions of the report . . . to which objections are made." *See* 28 U.S.C. § 636(b)(1)(C). Miller did not respond to the Magistrate Judge's Report whatsoever, and his objections are without merit.

The Court has conducted a careful *de novo* review of record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a

*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections, (Dkt. #23), are overruled and the Report of the Magistrate Judge, (Dkt. #21), is **ADOPTED** as the opinion of the District Court. Furthermore, it is

**ORDERED** that the above-styled civil rights lawsuit is **DISMISSED WITH PREJUDICE**. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **19** day of **June, 2018.**

_____
Ron Clark, United States District Judge